IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

CHRISTOPHER KYLE PRATER,

     Plaintiff,                    No. CIV S-07-1242 FCD EFB P

    vs.

M. C. KRAMER, et al.,

     Defendants.          <u>ORDER</u>

_____/

       Plaintiff is a state prisoner without counsel prosecuting a civil rights action. *See* 42 U.S.C. § 1983.  He seeks leave to proceed *in forma pauperis*. *See* 28 U.S.C. § 1915(a).  This proceeding was referred to this court by Local Rule 72-302 pursuant to 28 U.S.C. § 636(b)(1).

       Plaintiff's declaration makes the showing required by 28 U.S.C. § 1915(a)(1) and (2).

       Plaintiff must pay the $350 filing fee. *See* 28 U.S.C. §§ 1914(a), 1915(b)(1).  Plaintiff must make monthly payments of 20 percent of the preceding month's income credited to his trust account. *See* 28 U.S.C. § 1915(b)(2).  The agency having custody of plaintiff shall forward payments from plaintiff's account to the Clerk of the Court each time the amount in the account exceeds $10 until the filing fee is paid.

////

////

The court has reviewed plaintiff's complaint and, for the limited purposes of § 1915A screening, finds that it states a cognizable claim of retaliation against defendant K. J. Anderson. *See* 28 U.S.C. § 1915A.

For the reasons explained below, the court finds that the complaint does not state a cognizable claim against defendants M. C. Kramer, B. C. Adams, D. W. Nelson or N. D. Norris.

Plaintiff may proceed forthwith to serve defendant K. J. Anderson and pursue his claims against only those defendants or he may delay serving any defendant and attempt again to state a cognizable claim against defendants M. C. Kramer, B. C. Adams, D. W. Nelson and N. D. Norris.

If plaintiff elects to attempt to amend his complaint to state a cognizable claim against defendants M. C. Kramer, B. C. Adams, D. W. Nelson and N. D. Norris, he has 30 days so to do. He is not obligated to amend his complaint.

If plaintiff elects to proceed forthwith against defendant K. J. Anderson, against whom he has stated a cognizable claim for relief, then within 20 days he must return materials for service of process enclosed herewith. In this event the court will construe plaintiff's election as consent to dismissal of all claims against defendants M. C. Kramer, B. C. Adams, D. W. Nelson and N. D. Norris without prejudice.

Any amended complaint must show the federal court has jurisdiction, the action is brought in the right place and plaintiff is entitled to relief if plaintiff's allegations are true. It must contain a request for particular relief. Plaintiff must identify as a defendant only persons who personally participated in a substantial way in depriving plaintiff of a federal constitutional right. *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978) (a person subjects another to the deprivation of a constitutional right if he does an act, participates in another's act or omits to perform an act he is legally required to do that causes the alleged deprivation). If plaintiff contends he was the victim of a conspiracy, he must identify the participants and allege their agreement to deprive him of a specific federal constitutional right.

In an amended complaint, the allegations must be set forth in numbered paragraphs. Fed. R. Civ. P. 10(b). Plaintiff may join multiple claims if they are all against a single defendant. Fed. R. Civ. P. 18(a). If plaintiff has more than one claim based upon separate transactions or occurrences, the claims must be set forth in separate paragraphs. Fed. R. Civ. P. 10(b).

The federal rules contemplate brevity. *See Galbraith v. County of Santa Clara*, 307 F.3d 1119, 1125 (9th Cir. 2002) (noting that "nearly all of the circuits have now disapproved any heightened pleading standard in cases other than those governed by Rule 9(b)"); Fed. R. Civ. P. 84; cf. Rule 9(b) (setting forth rare exceptions to simplified pleading).

Plaintiff's claims must be set forth in short and plain terms, simply, concisely and directly. *See Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 514 (2002) ("Rule 8(a) is the starting point of a simplified pleading system, which was adopted to focus litigation on the merits of a claim."); Fed. R. Civ. P. 8. The "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the compliant are true (even if doubtful in fact)." *Bell Atlantic Corporation v. Twombly*, ___ U.S. ___, 127 S.Ct. 1995, 1965 (2007) (citations omitted).

Plaintiff must eliminate from his pleading all preambles, introductions, argument, speeches, explanations, stories, griping, vouching, evidence, attempts to negate possible defenses, summaries, and the like. *McHenry v. Renne*, 84 F.3d 1172, 1177-78 (9th Cir. 1996) (affirming dismissal of § 1983 complaint for violation of Rule 8 after warning); *see Crawford-El v. Britton*, 523 U.S. 574, 597 (1998) (reiterating that "firm application of the Federal Rules of Civil Procedure is fully warranted" in prisoner cases).

Plaintiff alleges that defendants D. W. Nelson and N. D. Norris witnessed K. J. Anderson intentionally alter plaintiff's classification score to retaliate against plaintiff. Section 1983 of Title 42 of the United States Code creates a cause of action against persons who deprive any individual of a right secured to him by the Constitution or laws of the United States while acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48-49 (1988). Thus, to state a claim for

retaliation, plaintiff must allege that a state actor took some adverse action against him because of his exercise of First Amendment rights and the action did not reasonably advance a legitimate correctional goal. *Rhodes v. Robinson*, 408 F.3d 559, 567 (9th Cir. 2005). Plaintiff's allegations against D. W. Nelson and D. Norris fail to satisfy this standard.

Plaintiff makes no allegations against B. C. Adams.

The court (and defendant) should be able to read and understand plaintiff's pleading within minutes. *McHenry*, 84 F.3d at 1179-80. A long, rambling pleading including many defendants with unexplained, tenuous or implausible connection to the alleged constitutional injury, or joining a series of unrelated claims against many defendants, very likely will result in delaying the review required by 28 U.S.C. § 1915 and an order dismissing plaintiff's action pursuant to Fed. R. Civ. P. 41 for violation of these instructions.

If plaintiff's pleading is deficient on account of an omission or technical defect, the court will not dismiss it without first identifying the problem and giving plaintiff an opportunity to cure it. *See Lopez v. Smith*, 203 F.3d 1122, 1130-31 (9th Cir. 2000). Plaintiff's pleading will be construed "liberally" to determine if plaintiff has a claim but it will be dismissed if plaintiff violates the federal rules, once explained, or the court's plain orders.

An amended complaint must be complete in itself without reference to any prior pleading. Local Rule 15-220; *see Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files an amended complaint, the original pleading is superseded.

By signing a first amended complaint plaintif certifies he has made reasonable inquiry and has evidentiary support for his allegations and that for violation of this rule the court may impose sanctions sufficient to deter repetition by plaintiff or others. Fed. R. Civ. P. 11.

A prisoner may bring no § 1983 action until he has exhausted such administrative remedies as are available to him. 42 U.S.C. § 1997e(a). The requirement is mandatory. *Booth v. Churner*, 532 U.S. 731, 741 (2001). A California prisoner or parolee may appeal "any departmental decision, action, condition, or policy which they can demonstrate as having an

adverse effect upon their welfare." *Cal. Code Regs. Tit.* 15, § 3084.1, et seq.  An appeal must be presented on a CDC form 602 that asks simply that the prisoner "describe the problem" and "action requested."  Therefore, this court ordinarily will review only claims against prison officials within the scope of the problem reported in a CDC form 602 or an interview or claims that were or should have been uncovered in the review promised by the department.  Plaintiff is further admonished that by signing an amended complaint he certifies his claims are warranted by existing law, including the law that he exhaust administrative remedies, and that for violation of this rule plaintiff risks dismissal of his entire action, including his claims against defendant K. J. Anderson.

Accordingly, the court hereby orders that:

1. Plaintiff's request to proceed *in forma pauperis* is granted.

2. Plaintiff is must pay the statutory filing fee of $350 for this action.  All payments shall be collected and paid in accordance with the notice to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith.

3. Claims against defendants M. C. Kramer, B. C. Adams, D. W. Nelson and N. D. Norris are dismissed with leave to amend.  Within 30 days of service of this order, plaintiff may amend his complaint to attempt to state cognizable claims against these defendants.  Plaintiff is not obliged to amend his complaint.

4. The allegations in the pleading are sufficient at least to state cognizable claims against defendant K. J. Anderson.  *See* 28 U.S.C. § 1915A.  With this order the Clerk of the Court shall provide to plaintiff a blank summons, a copy of the pleading filed June 25, 2007, one USM-285 form and instructions for service of process on defendant K. J. Anderson.  Within 20 days of service of this order plaintiff may return the attached Notice of Submission of Documents with the completed summons, the completed USM-285 form, and two copies of the June 25, 2007, endorsed complaint.  The court will transmit them to the United States Marshal for service of process pursuant to Fed. R. Civ. P. 4.  Defendant K. J. Anderson will be required to respond to

1  plaintiff's allegations within the deadlines stated in Fed. R. Civ. P. 12(a)(1).  In this event, the
2  court will enter findings and recommendations to dismiss his defective claims against defendants
3  M. C. Kramer, B. C. Adams, D. W. Nelson and N. D. Norris for failure to state a claim upon
4  which relief can be granted.
5  Dated: July 16, 2007.

     _____
     EDMUND F. BRENNAN
     UNITED STATES MAGISTRATE JUDGE

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

CHRISTOPHER KYLE PRATER,

      Plaintiff,                    No. CIV S-07-1242 FCD EFB P

    vs.

M. C. KRAMER,

      Defendants.            NOTICE OF SUBMISSION OF DOCUMENTS

_____/

    Plaintiff hereby submits the following documents in compliance with the court's order filed _____:

      __1__      completed summons form

      __1__      completed form USM-285

      __2__      copies of the __June 25, 2007__
                                        Complaint

Dated:

                                                    Plaintiff