IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

CHRISTOPHER KYLE PRATER,

    Plaintiff,                          No. CIV S-07-1242 FCD EFB P

    vs.

M. C. KRAMER, et al.,                FINDINGS AND RECOMMENDATIONS

    Defendants.

_____/

    Plaintiff is a prisoner without counsel seeking relief for alleged civil rights violations. *See* 42 U.S.C. § 1983. In the complaint, he alleges that K. J. Anderson retaliated against him for refusing to withdraw an administrative appeal by altering plaintiff's classification score to ensure that plaintiff was not transferred to a different facility. On June 25, 2007, plaintiff filed a motion for a preliminary injunction. For the reasons explained below, the motion must be denied.

    A court ordinarily will not rule on a request for a preliminary injunction without notice to the adverse party. *See* Fed. R. Civ. P. 65(a)(1). Defendants have not yet been served with process. Nonetheless, the court considers plaintiff's motion because it is clear that plaintiff is not entitled to the relief he seeks.

    A preliminary injunction will not issue unless necessary because threatened injury would impair the court's ability to grant effective relief in a pending action. *Sierra On-Line, Inc. v.*

1 *Phoenix Software, Inc.*, 739 F.2d 1415, 1422 (9th Cir. 1984); *Gon v. First State Ins. Co.*, 871
2 F.2d 863 (9th Cir. 1989). A preliminary injunction represents the exercise of a very far reaching
3 power not to be indulged except in a case clearly warranting it. *Dymo Indus. v. Tapeprinter, Inc.*,
4 326 F.2d 141, 143 (9th Cir. 1964). To prevail upon an application for a prohibitory
5 preliminary injunction, plaintiff must demonstrate either probable success on the merits and the
6 possibility of irreparable injury, or serious questions regarding the merits of his claims and a
7 balance of hardships tipping sharply in his favor. *Miss Universe, Inc. v. Flesher*, 605 F.2d 1130,
8 1134 (9th Cir. 1979). If the balance of harm tips decidedly toward the plaintiff, then the plaintiff
9 need not show as robust a likelihood of success on the merits as when the balance tips less
10 decidedly. *Benda v. Grand Lodge of the International Association of Machinists*, 584 F.2d 308,
11 315 (9th Cir. 1978). The threatened injury must be immediate. *Los Angeles Memorial Coliseum*
12 *Comm'n v. National Football League*, 634 F.2d 1197, 1201 (9th Cir. 1980). And since the
13 remedy is equitable in nature, there must be no adequate remedy at law. *Stanley v. University of*
14 *S. Cal.*, 13 F.3d 1313, 1320 (9th Cir. 1994). If the relief sought is mandatory rather than
15 prohibitory, the balance must more clearly favor the applicant. *Dahl v. HEM Pharm. Corp.*, 7
16 F.3d 1399, 1403 (9th Cir. 1993).

17 Plaintiff seeks an order prohibiting "prison officials, defendant's [sic], their agents,
18 employees, successors in interest, and all other persons in active concert, or participation with
19 them, from harassing, threatening, punishing, or retaliating, in any way against petitioner
20 because of this action." Request at 2. He also seeks an order directing that he be transferred
21 either to San Quentin State Prison or to CCF Jamestown. *Id.* As grounds, he asserts that he,

22 has received damages done by correctional officers conducting excessive cell
searches as a form of harassment, and conducting the searches in a cruel, and
23 unjusly [sic] manner as to provoke fear, and hostility.

24 *Id.* Plaintiff has not identified any particular person from whom he is in imminent danger of
25 retaliation. Nor has he alleged any facts showing that there is a likelihood he will succeed on the
26 merits. Thus, plaintiff has not demonstrated he is entitled to the relief he seeks.

1    Accordingly, it is hereby RECOMMENDED that plaintiff's June 25, 2007, motion for
2 injunctive relief be denied.
3    These findings and recommendations are submitted to the United States District Judge
4 assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within 20 days after
5 being served with these findings and recommendations, plaintiff may file written objections with
6 the court and serve a copy on all parties.  Such a document should be captioned "Objections to
7 Magistrate Judge's Findings and Recommendations."  Failure to file objections within the
8 specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158
9 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).
10 Dated:  July 17, 2007.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

3