IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

CHRISTOPHER KYLE PRATER,

        Plaintiff,                    No. CIV S-07-1242 FCD EFB P

        vs.

M. C. KRAMER, et al.,

        Defendants.             ORDER

                                /

       Plaintiff is a prisoner without counsel suing for alleged civil rights violations. *See* 42 U.S.C. § 1983. On November 14, 19, and 20, 2007, plaintiff filed requests seeking a date for a court-facilitated settlement conference. On November 21, 2007, defendant filed a motion to dismiss for plaintiff's failure to exhaust available administrative remedies. Plaintiff has failed to respond to that motion.

       At this point in the proceedings, there has been no discovery and it is not at all clear that plaintiff is entitled to seek relief under 42 U.S.C. § 1983. *See* 42 U.S.C. § 1997e(a) (prohibiting a prisoner from bringing an action under 42 U.S.C. § 1983 or any other federal law until he has exhausted available administrative remedies). Thus, any attempt at settlement is premature and the request for a settlement conference is denied.

/////

1

With respect to plaintiff's failure to oppose defendant's motion to dismiss, plaintiff is again admonished that he must file an opposition or a statement of no opposition, or the failure to so may be deemed a waiver of any opposition. In cases in which one party is incarcerated and proceeding without counsel, motions ordinarily are submitted on the record without oral argument. Local Rule 78-230(m). "Opposition, if any, to the granting of the motion shall be served and filed with the Clerk by the responding party not more than eighteen (18) days, plus three (3) days for mailing or electronic service, after the date of service of the motion." *Id*. A responding party's failure "to file written opposition or to file a statement of no opposition may be deemed a waiver of any opposition to the granting of the motion and may result in the imposition of sanctions." *Id*. Furthermore, a party's failure to comply with any order or with the Local Rules "may be grounds for imposition of any and all sanctions authorized by statute or Rule or within the inherent power of the Court." Local Rule 11-110. The court may recommend that an action be dismissed with or without prejudice, as appropriate, if a party disobeys an order or the Local Rules. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1252 (9th Cir. 1992) (district court did not abuse discretion in dismissing *pro se* plaintiff's complaint for failing to obey an order to re-file an amended complaint to comply with Federal Rules of Civil Procedure); *Carey v. King*, 856 F.2d 1439, 1440-41 (9th Cir. 1988) (dismissal for *pro se* plaintiff's failure to comply with local rule regarding notice of change of address affirmed);

On August 14, 2007, the court previously admonished plaintiff of the requirements for filing an opposition to the motion, that failure to oppose such a motion may be deemed a waiver of opposition to the motion and that failure to comply with the Local Rules may result in a recommendation of dismissal.

Accordingly, it is hereby ORDERED that:

1. Plaintiff's November 14, 19, and 20, 2007, requests are denied. The Clerk of the Court shall terminate numbers 25, 26, 27 and 28 on the docket.

////

2. Within 20 days of the date of this order, plaintiff shall file either an opposition to the motion to dismiss or a statement of no opposition. Failure to comply with this order will result in a recommendation that this action be dismissed without prejudice.

Dated: February 1, 2008.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE