IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

CHRISTOPHER KYLE PRATER,

    Plaintiff,                    No. CIV S-07-1242 FCD EFB P

    vs.

M. C. KRAMER, et al.,

    Defendants.              FINDINGS AND RECOMMENDATIONS

_____/

       Plaintiff is a prisoner without counsel suing for alleged civil rights violations. *See* 42 U.S.C. § 1983. This action proceeds on the June 25, 2007, complaint.[1] The matter is now before the court on defendant's November 21, 2007, motion to dismiss on the ground that plaintiff failed to exhaust the available administrative remedies.

**I.    Facts**

       In the complaint, plaintiff alleges that K. J. Anderson interfered with plaintiff's transfer to a different prison in retaliation for his refusal to withdraw a grievance against her. On June 30, 2006, plaintiff filed a grievance complaining that defendant Anderson told plaintiff that if plaintiff were to withdraw a grievance, then plaintiff would be transferred to a different prison

---

[1] On September 25, 2007, the court dismissed plaintiff's claims against all the other defendants. Therefore, defendant K. J. Anderson is the only defendant remaining in this action.

1

and that other requests plaintiff had made would be granted. Compl., Ex. A. In the grievance, plaintiff states that since he refused to withdraw the earlier grievance, Anderson interfered with the transfer. *Id.* It appears from plaintiff's exhibits to the complaint that he submitted classification score sheets, a written statement of the classification committee's action, and other documents in order to support his argument in the grievance. *Id*. In response to this grievance, prison officials interviewed plaintiff and reviewed records relevant to his allegations. On August 24, 2006, the grievance was denied on the first formal level, and plaintiff was informed in writing that if he was dissatisfied he could proceed to the second formal level of review. *Id*. Plaintiff did appeal to the second level of review on September 11, 2006, and attached the documents he had submitted with his appeal on the first level of review. *Id.* Again, prison officials interviewed plaintiff and reviewed his records, and then denied the appeal. *Id*. The denial included written notice that plaintiff could appeal to the Director's Level of Review. *Id*. On December 1, 2006, plaintiff filed an appeal on the Director's Level of Review. *Id.*; *see also* Def.'s Mot. to Dism., Ex. B. Prison officials screened out the appeal on the ground that plaintiff did not include necessary supporting documentation, and returned the appeals papers to plaintiff. Compl., Ex. B; Def.'s Mot., Ex. B. In particular, a February 14, 2006, letter to plaintiff explained that plaintiff must submit a form "CDC 839, Classification Scoresheet." Compl., Ex. B; Def.'s Mot., Ex. C. This was one of the documents plaintiff had submitted with his first and second level appeals. Compl., Ex. A. In support of the motion, defendant has submitted the declaration of T. Emigh, Assistant Chief of the Inmate Appeals Branch of the California Department of Corrections and Rehabilitation. In that declaration, T. Emigh states that IAB records do not reflect that plaintiff resubmitted his appeal to the Director's Level of Review. Emigh Dec., at ¶ 8.

**II.     Standards Applicable to This Motion**

Defendants seek dismissal under Rule 12(b) of the Federal Rules of Civil Procedure.

////

While the Ninth Circuit has stated that Rule 12(b) is the proper mechanism for resolving questions arising under 42 U.S.C.§ 1997e(a), *Wyatt v. Terhune*, 315 F.3d 1108 (9th Cir. 2003), the reason underlying that decision has been undermined.  The Ninth Circuit found that failure to exhaust was a matter in abatement which should be raised in a motion made under "unenumerated Rule 12(b)."[2]  *Wyatt*, 315 F.3d at 1119.  However, the United States Supreme Court recently clarified that failure to exhaust is an affirmative defense which defendant has the burden of pleading and proving.  *Jones v. Bock*, 549 U.S. 199, __, 549 S. Ct. 910, 921 (2007). Federal courts appropriately consider affirmative defenses on summary judgment.  Here, defendant's motion necessarily requires the court to consider the affidavits and exhibits presented for the purpose of proving the absence of exhaustion.  Accordingly, the court finds that a motion for summary judgment is the proper mechanism for resolving the question of whether plaintiff satisfied the exhaustion requirement.

**III.    Rule 56 Standards**

Summary judgment is appropriate when there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).[3]  As explained by the Ninth Circuit, the utility of Rule 56 to screen which cases actually require resolution of disputed facts over material issues (through presentation of testimony and evidence at trial) has been clarified and enhanced.

---

[2] *Wyatt* is clear that regardless of nomenclature, a motion attacking failure to exhaust is not a challenge to the sufficiency of the complaint.  It is a motion in which defendant must raise and prove by evidence the absence of exhaustion.  *Id.*  In this regard, the Ninth Circuit in *Wyatt* provides further guidance.  It recognizes that when the district court looks beyond the pleadings to a factual record in deciding the exhaustion motion it necessarily does so under "a procedure closely analogous to summary judgment." *Id.*, n.14

[3] On August 14, 2007, the court expressly informed plaintiff of the requirements for opposing a motion pursuant to Rule 56 of the Federal Rules of Civil Procedure.  *See Rand v. Rowland*, 154 F.3d 952, 957 (9th Cir. 1998) (en banc), *cert. denied*, 527 U.S. 1035 (1999), and *Klingele v. Eikenberry*, 849 F.2d 409, 411-12 (9th Cir. 1988).  Pursuant to *Wyatt*, 315 F.3d at 1120, n.4, that order also expressly informed plaintiff of the requirements for opposing a failure to exhaust motion that is supported by affidavits or declarations and exhibits.

3

> In three recent cases, the Supreme Court, by clarifying what the non-moving party must do to withstand a motion for summary judgment, has increased the utility of summary judgment. First, the Court has made clear that if the non-moving party will bear the burden of proof at trial as to an element essential to its case, and that party fails to make a showing sufficient to establish a genuine dispute of fact with respect to the existence of that element, then summary judgment is appropriate. *See Celotex Corp. v. Catrett*, 477 U.S. 317 (1986). Second, to withstand a motion for summary judgment, the non-moving party must show that there are "genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." *Anderson v. Liberty Lobby, Inc*., 477 U.S. 242 (1986) (emphasis added). Finally, if the factual context makes the non-moving party's claim implausible, that party must come forward with more persuasive evidence than would otherwise be necessary to show that there is a genuine issue for trial. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574 (1986). No longer can it be argued that *any disagreement* about a material issue of fact precludes the use of summary judgment.

*California Arch. Bldg. Prod. v. Franciscan Ceramics*, 818 F.2d 1466, 1468 (9th Cir.), *cert. denied*, 484 U.S. 1006 (1988) (parallel citations omitted) (emphasis added). In short, there is no "genuine issue as to material fact," if the non-moving party "fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Grimes v. City and Country of San Francisco*, 951 F.2d 236, 239 (9th Cir. 1991) (quoting *Celotex*, 477 U.S. at 322).

**IV.     Failure to Exhaust**

The applicable statute is 42 U.S.C. § 1997e(a), which provides in relevant part:

> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other federal law, by a prisoner confined in any jail, prison or other correctional facility until such administrative remedies as are available are exhausted.

This requirement is mandatory and unequivocal. *Booth v. Churner*, 532 U.S. 731, 741 (2001); *McKinney v. Carey*, 311 F.3d 1198, 1200 (9th Cir. 2002) ("Congress could have written a statute making exhaustion a precondition to judgment, but it did not. The actual statue makes exhaustion a precondition to *suit*." (citation omitted)). A prisoner seeking leave to proceed *in*

*forma pauperis* in an action challenging the conditions of his confinement brings an action for purposes of 42 U.S.C. § 1997e when he submits his complaint to the court. *Vaden v. Summerhill*, 449 F.3d 1047, 1050 (9th Cir. 2006). Therefore, a prisoner must exhaust available administrative remedies before filing any papers in federal court and is not entitled to a stay of judicial proceedings in order to exhaust. *Id.* at 1051; *McKinney v. Carey*, 311 F.3d 1198 (9th Cir. 2002). Furthermore, in order to satisfy 42 U.S.C. § 1997e(a), there must be "proper exhaustion." *Woodford v. Ngo*, 126 S.Ct. 2378, 2385-86 (2005). However, "it is the prison's requirements, and not the PLRA that define the boundaries of proper exhaustion." *Jones v. Bock,* 127 S.Ct. 919, 923 (2007). Thus, a prisoner must "complete the administrative review process in accordance with the applicable procedural rules." *Woodford*, 126 S.Ct. at 2386. Defendant has the burden of proving that plaintiff did not exhaust. *Brown v. Valoff*, 422 F.3d 926, 936 (9th Cir. 2005); *Wyatt*, 315 F.3d at 1119.

California prisoners may appeal "any departmental decision, action, condition, or policy which they can demonstrate as having an adverse effect upon their welfare." Cal. Code Regs. tit. 15, § 3084.1(a). The regulations require the use of specific forms but contain no guidelines for grievance content. *Id*., at §§ 3084.2, 3085. Prisoners ordinarily must present their allegations on one informal and three formal levels of review, although the informal and the first formal levels may be bypassed. *Id*., at § 3084.5. A division head reviews appeals on the first formal level, *see Id.*, at § 3084.5(b)(3) (authorizing bypass of the first formal level when the division head cannot resolve it), and the warden or a designee thereof reviews appeals on the second formal level. *See Id*., at § 3084.5(e)(1). An appeal may be rejected for any number of reasons, i.e., untimeliness, abuse of the grievance system, lack of jurisdiction, prematurity, or failure to submit supporting documentation. *Id*., at § 3084.3(c). Generally, completion of the third level, the Director's Level of Review, exhausts the remedy. *Id*., at § 3084.1(a).

////

////

**V.     Analysis**

Defendant contends that the evidence shows plaintiff failed to exhaust the available administrative remedies. In particular, he asserts that plaintiff did not follow directions telling him to submit his appeal to the Director's Level of Review with the documentation necessary to evaluate his appeal. Plaintiff argues "that he was subject to prejudice instructions by Director of Inmate Appeals." Pl.'s Opp'n, at 1. He also argues that the exhibits upon which T. Emigh's declaration are based do not demonstrate that plaintiff failed to exhaust.

Plaintiff's first argument in opposition must fail. As noted above, the law is clear that a prisoner must pursue all administrative remedies that are available. Administrative remedies are available so long as some form of redress may be obtained through an established procedure. *Booth*, 532 U.S. at 738-39. Thus, where an appeal response explains that relief is denied and that the prisoner may seek further review, redress may be obtained. *See Brown v. Valoff*, 422 F.3d at 942-43 (where response to appeal notes the possibility of further appeal and provides instructions on how to proceed, the administrative process has not been exhausted). Here, it is undisputed that prison officials denied relief on the second level of review, explaining that plaintiff could seek review on the Director's Level. It also is undisputed that the reviewer on the Director's Level rejected the appeal for a reason permissible under CDCR regulations, i.e., plaintiff did not submit documentation necessary to evaluate his appeal. Moreover, the necessary document was one that plaintiff had submitted with his appeals on the first and second levels of review. The reviewer on the Director's Level gave very specific instructions to plaintiff, directing him what document he must submit and stating that he could re-submit the appeal on that level. Plaintiff submits no evidence that he was confused about how to proceed after receiving the February 14, 2007, letter or that if he was confused, he attempted to clarify how it was that he should proceed.

Plaintiff also asserts that the documents defendant submitted with the declaration of T. Emigh establishes that his appeal was not accepted on the Director's Level of Review. It

appears that plaintiff refers to defendant's Exhibit B, which is a computer-generated history of plaintiff's administrative appeals. It lists two categories of appeals, those which were accepted for review and those which were not. Appeals are identified by the number assigned by the Inmates Appeals Branch ("IAB") and by the institution. None of the appeals listed in either category for the relevant time-frame, i.e., December of 2006, lists the institutional log number assigned to the appeal at issue in this case. Furthermore, the copies of appeals in the record do not reflect the IAB number assigned to plaintiff's appeal. However, the resulting ambiguity is inapposite. Plaintiff's appeals and the February 14, 2007, letter to plaintiff explaining the rejection of his appeal and directing him how to proceed demonstrate that under the applicable law, redress was available to plaintiff. However, there is no evidence that he sought it. Thus, a reasonable fact-finder could not conclude on this evidence that plaintiff exhausted the available administrative remedies as required by 42 U.S.C. § 1997(e). Accordingly, defendant Anderson's motion must be granted.

**VI.     Conclusion**

In accordance with the above, IT IS HEREBY RECOMMENDED that defendant's November 21, 2007, motion to dismiss pursuant to Rule 12(b)(6) be construed as a motion for summary judgment and, thus construed, be granted.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within 15 days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

DATED: August 12, 2008.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE